IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTEGRITY INVESTMENT FUND, LLC, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>KWAME RAOUL, in his official capacity as the Illinois Attorney General, *et al.*,<br><br>　　Defendants. | No. 25-cv-1122<br><br>Judge David W. Dugan |

**STATE DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION TO DISMISS**

**INTRODUCTION**

Plaintiffs are four Illinois companies that challenge the property tax sale system of 62 Illinois counties. They allege that the counties' system implements the Illinois Property Tax Code, 35 ILCS 200/1-1 *et seq*. In addition to suing the counties, the County Treasurers who "administer[] the property tax statutes for" their respective counties, and the County Clerks who are "responsible for enforcing the complained-of laws," Plaintiffs have also named two state officials as defendants: Kwame Raoul, in his official capacity as the Illinois Attorney General, and David Harris, in his official capacity as the Director of the Illinois Department of Revenue.

As set forth below, the claims against Attorney General Raoul and Director Harris should be dismissed. Plaintiff's complaint does not articulate any basis for a claim against these state officials, who do not administer the property tax sale system that Plaintiffs challenge here. The complaint does not specify any aspect of the challenged property tax sale system that is implemented by Raoul or Harris. It does not identify any action taken by Raoul or Harris that has caused any injury to Plaintiffs, nor does it allege any imminent injury to Plaintiffs that would be fairly traceable to Raoul or Harris.

Plaintiffs' claims against Attorney General Raoul and Director Harris should be dismissed for at least three reasons. *First*, Plaintiffs' state-law claims are barred by the Eleventh Amendment and state sovereign immunity. *Second*, Plaintiffs' federal claims are also barred by the Eleventh Amendment. The *Ex Parte Young* exception to Eleventh Amendment immunity does not apply here because Plaintiffs cannot establish that Raoul and Harris have "some connection" to the enforcement of the challenged provisions and have threatened to enforce them against Plaintiffs. *Third*, for similar reasons, Plaintiffs' claims against Raoul and Harris should be dismissed for lack of Article III standing.

## BACKGROUND

Plaintiffs Integrity Investment Fund, LLC; Integrity Investment REO Holdings, LLC; Sigtello, LLC; and Abbott Portfolio, LLC are "tax purchasers." Dkt. 4 at 14. They allege that "[t]he Defendant Counties' property tax sale system, which implements the Illinois Property Tax Code, 35 ILCS 200/1-1 *et seq.*, unconstitutionally deprives a property owner who fails to pay overdue property taxes of not just their property to the extent it is taken to satisfy the amount of the tax debt, but of all the surplus equity in the property possessed by the owner." *Id.* at 13. Under the challenged system, the County Defendants sell the delinquent taxes to a "tax purchaser" who "pays the past due taxes and, in exchange, receives the right to take ownership of the property if the property is not redeemed through payment of the taxes, plus all accrued penalties and interest by a deadline known as the 'redemption date.'" *Id.* at 14. If the property is not redeemed by this date, the tax purchaser is entitled to a tax deed to the property, "upon which will transfer ownership of the property free and clear, no matter how much it was worth in excess of the unredeemed taxes and related charges." *Id*. The County Defendants do not reimburse the property owners for their lost surplus equity. *Id*.

Plaintiffs allege that this tax sale system is unconstitutional under *Tyler v. Hennepin County*, 598 U.S. 631 (2023), and "assert their constitutional rights against the County Defendants for their sale of tax certificates to the Plaintiffs which are now all but worthless, as they will either force Plaintiffs to pay the surplus equity of the auctioned property to the property owner, to never receive a tax deed, or to violate the property owners' Fifth Amendment rights." Dkt. 4 at 15. Plaintiffs have sued 62 Illinois counties and their treasurers and clerks. The County Treasurers "administer[] the property tax statues for" their respective counties by mailing delinquent tax notices, advertising tax delinquent properties for sale, selling tax delinquent properties, and establishing rules of the property sale. Dkt. 4 at ¶¶ 11, 13; *see also id.* at ¶ 18 (stating that the Property Tax Code "delegate[es] enforcement" of the tax sale process to the Defendant County Treasurers). And the County Clerks are "responsible for enforcing the complained-of laws" by sending out statutory notices; preparing estimates of redemption; preparing and maintaining the judgment and warrant books; memorializing the sales, payments, and dates of redemption; and executing tax deeds." *Id.* at ¶¶ 12-13.

While Plaintiffs focus their claims on the County Defendants, they have also sued Attorney General Raoul and Director Harris in their official capacities. But the complaint does not articulate any basis for a claim against these state officials. Two lines in the complaint allude in a vague and conclusory manner to Attorney General Raoul's and Director Harris's alleged "ongoing enforcement of the relevant State law," *id.* at ¶¶ 7-8, but the complaint does not identify any aspect of the challenged property tax sale system that they implement or enforce. The complaint includes no allegations linking either Raoul or Harris to any of the provisions at issue here, and it does not specify any actions (or threatened actions) by Raoul or Harris that have caused or will cause Plaintiffs any injury.

Plaintiffs' complaint includes eleven counts. Counts 1-6 are federal claims brought pursuant to Section 1983. Counts 7-11 are state-law claims. Plaintiffs seek an injunction barring Defendants "from enforcing 35 ILCS 200/Tit. 7 in such a manner as to compel Plaintiffs to maintain tax certificates that would ultimately result in Plaintiffs not being able to obtain tax deeds without paying delinquent taxpayers the value of any surplus equity in their properties," and declaratory relief "consistent with the injunction." Dkt. 4 at 42. They also seek monetary relief against only the County Defendants.[1]

## ARGUMENT

This Court need not reach the merits of Plaintiffs' claims against the State Defendants. Plaintiffs' state-law claims are barred by the Eleventh Amendment and state sovereign immunity, their federal claims are also barred by the Eleventh Amendment, and all claims should be dismissed for lack of standing.

### I. Plaintiffs' state-law claims are barred by the Eleventh Amendment and state sovereign immunity.

As an initial matter, the Eleventh Amendment bars Plaintiffs' state-law claims against the State Defendants (Counts 7-11), regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The State Defendants are named in their official capacities. But as the Supreme Court has explained, "[i]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.*; *see also* No. 09-cv-4414, *Wright-Gray v. Ill. Dep't of Healthcare &*

---

[1] While Plaintiffs allege that they are "reserving" monetary relief against the State, they do not request such relief in this federal lawsuit, nor is such relief available here. *See, e.g.*, *MSA Realty Corp. v. Illinois*, 990 F.2d 288, 291 (7th Cir. 1993) (explaining that the Eleventh Amendment "extends to suits for monetary damages against state officials sued in their official capacities"); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state officials named in their official capacities are not "persons" subject to damages claims under Section 1983); 745 ILCS 5/1 (providing that "[t]he State of Illinois shall not be made a defendant or party in any court").

*Family Servs.*, 2010 U.S. Dist. Lexis 6740, at *13-14 (Jan. 26, 2010) (dismissing on Eleventh Amendment grounds an Illinois constitutional claim and other state-law claims against state official named in his official capacity).

State sovereign immunity additionally bars Plaintiffs' state-law claims against the State Defendants.  "State rules of immunity are binding in federal court with respect to state causes of action."  *Benning v. Bd. of Regency Universities*, 928 F.2d 775, 779 (7th Cir. 1991).  And the State Lawsuit Immunity Act provides, with limited exceptions not applicable here, that "[t]he State of Illinois shall not be made a defendant or party in any court."  745 ILCS 5/1; *see also Kay v. Frerichs*, 2021 IL App (1st) 192271, at ¶¶ 20-21 (2021) ("A lawsuit against a state official in his or her official capacity is a suit against the official's office, which is no different than a lawsuit against the State.").

## II.     Plaintiffs' federal claims against the State Defendants are also barred by the Eleventh Amendment.

Plaintiffs' federal claims (Counts 1-6) against the State Defendants fare no better than their state-law claims.  Although there is an exception to the State's Eleventh Amendment immunity under *Ex Parte Young* for suits seeking prospective injunctive relief against state officials who are sued in their official capacity for an ongoing violation of federal law, see 209 U.S. 123, 155-57 (1908), the named official must have "some connection" to the enforcement of the act and "threaten" enforcement. *Id.*

Plaintiffs cannot satisfy these requirements as to the State Defendants, so their federal claims against them are barred by the Eleventh Amendment.  The complaint includes detailed allegations explaining how the County Defendants administer and enforce the challenged provisions.  *See* Background, *supra*.  In contrast, the complaint does not allege any facts showing that the State Defendants have any role in implementing any of the provisions challenged here.  It

5

does not identify a single action that the State Defendants have taken (or are threatening to take) that could cause Plaintiffs any injury.

Plaintiffs' reasons for naming Attorney General Raoul as a defendant are unclear. Attorney General Raoul does not administer property taxes. And in *Ex Parte Young* itself, the Supreme Court explained that attorneys general and governors are not proper defendants in cases challenging state legislation merely by virtue of their positions. *See* 209 U.S. 123 at 157. Likewise, the Seventh Circuit has made clear that a "general duty to enforce state laws" is not sufficient for the *Ex Parte Young* exception. *Doe v. Holcomb*, 883 F.3d 971, 976-78 (7th Cir. 2018) (claims against governor and attorney general barred because plaintiff had not shown a sufficient connection to the enforcement of the challenged statute); *see also Sherman v. Cmty. Consol. Sch. Dist. 21*, 980 F.2d 437, 441 (7th Cir. 1992); *Scholl v. Ill. State Police*, No. 24-cv-4435, 2025 U.S. Dist. Lexis 60496, at *14-15 (N.D. Ill. Mar. 31, 2025) (dismissing claims against Attorney General on Eleventh Amendment grounds despite allegations that he is "responsible for enforcing and defending the laws of the state of Illinois" and serves as "the chief law enforcement officer of the state"). Plaintiffs have not adequately alleged that Attorney General Raoul has a connection to the enforcement of the challenged provisions.

Similarly, Plaintiffs have not articulated any basis for suing Director Harris. Director Harris and the Department of Revenue do not administer the property tax sale system or any aspect of the Property Tax Code relevant to this litigation. *See* 35 ILCS 200/9-70 (indicating that the Department assesses "pollution control facilities and low sulfur dioxide emission coal fueled devices, and property owned or used by railroad companies operating within this State, except non-carrier real estate"). The property taxes at issue here are assessed and collected by local government, not Harris. 35 ILCS 200/2-5, 35 ILCS 200/19-35. As with Attorney General Raoul,

Plaintiffs have not adequately alleged that Director Harris has a connection to the enforcement of the provisions that are challenged here.

Additionally, Plaintiffs' claims against Attorney General Raoul and Director Harris fail because the complaint does not adequately allege that they have enforced, or are threatening to enforce, the challenged property tax sale system against them. *See Doe*, 883 F.3d at 997, *citing Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996) ("*Young* does not apply when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional state statute."); *see also Okpalobi v. Foster*, 244 F.3d 405, 415 (5th Cir. 2001) ("The requirement that there be some action or threatened enforcement action before *Young* applies has been repeatedly applied by the federal courts."). Absent such a threat, Plaintiffs cannot invoke the *Ex Parte Young* exception to the State Defendants' Eleventh Amendment immunity. *Palmetto Properties Inc. v. County of DuPage*, 160 F. Supp. 2d 876, 880 (N.D. Ill. 2001) ("Although the plaintiffs argue that it is enough that Birkett is charged with enforcement, they have pointed to no case—in the context of the First Amendment or otherwise—where this has been held sufficient under *Young*.").

Because Plaintiffs' claims do not fit within the *Ex Parte Young* exception, they are barred by the Eleventh Amendment and should be dismissed. Relatedly, Plaintiffs' Section 1983 claims fail because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). There is a limited exception to this principle for *Ex Parte Young* claims against state officials, *see id.* at 71 n. 10, but the exception does not apply here because, as discussed above, the claims against the State Defendants do not fall within *Ex Parte Young*.

### III.  Plaintiffs' claims against the State Defendants should be dismissed for lack of standing.

Finally, for similar reasons, all of Plaintiffs' claims against the State Defendants should be dismissed for lack of standing. "[W]here a plaintiff sues a state official to enjoin the enforcement of a state statute, the requirements of *Ex Parte Young* overlap significantly with the last two standing requirements—causation and redressability." *Doe*, 883 F.3d at 975-76. "The party invoking federal jurisdiction bears the burden of establishing' standing." *Clapper v. Amnesty Int'l USA*, 568 U.S. 411-12 (2013). To establish standing, Plaintiffs must allege an "actual or imminent," not "conjectural or hypothetical," injury that is "fairly traceable" to the defendants and "not the result of the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The Supreme Court "ha[s] repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original).

Here, Plaintiffs have not alleged any facts showing any actual or imminent injury fairly traceable to the State Defendants.  While Plaintiffs claim that the Attorney General has "failed to propose legislative reforms, issue guidance, or take other actions" to address the Property Tax Code's alleged "constitutional flaws," Dkt. 4 at ¶ 35, such allegations cannot establish standing. *See, e.g.*, *Lewis v. Governor of Alabama*, 944 F.3d 1287, 1296-98 (11th Cir. 2019).  Far from tracing their alleged injury to the State Defendants, Plaintiffs allege that the County Treasurers and Clerks "ultimately have the final policymaking authority regarding the seizure and auctioning of delinquent properties," and that "nothing requires or compels them" to "withhold from paying" the surplus equity to the delinquent property holders. Dkt. 4 at ¶ 21. Plaintiffs' claims against the State Defendants should be dismissed for lack of standing.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' claims against Attorney General Raoul and Director Harris fail and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of jurisdiction, and 12(b)(6), for failure to state a claim.

Dated: July 18, 2025

*/s/ Michael T. Dierkes*
Michael T. Dierkes
General Law Bureau
Government Representation Division
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3672
Facsimile: (312) 814-4425
michael.dierkes@ilag.gov

*Attorney for Kwame Raoul in his official capacity as Illinois Attorney General and David Harris in his official capacity as Director of the Illinois Department of Revenue*