IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

INTEGRITY INVESTMENT FUND LLC,
*et. al.*,   )
          Plaintiffs,   )
   vs.   )   CASE NO 3:25 CV 1122-DWD
          )
KWAME RAOUL, *et. al.*,   )
          Defendants.   )

## ANSWER TO COMPLAINT FOR DECLARATORY, EQUITABLE, AND INJUNCTIVE RELIEF

NOW COMES CLERK PATRICK O'BRIAN, in his capacity as Clerk of Fulton County, Illinois, by Justin Jochums, Fulton County State's Attorney, and answers Plaintiffs' amended complaint for declaratory, equitable and injunctive relief as follows:

1. Clerk Patrick O'Brian denies paragraph 1 of the Plaintiffs' amended complaint.
2. Clerk Patrick O'Brian denies paragraph 2 of the Plaintiffs' amended complaint.
3. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 3 of the Plaintiffs' amended complaint.
4. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 4 of the Plaintiffs' amended complaint.
5. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 5 of the Plaintiffs' amended complaint.
6. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 6 of the Plaintiffs' amended complaint.
7. Clerk Patrick O'Brian admits Kwame Raoul is the Attorney General of the State of Illinois, but denies the remainder of the allegations in paragraph 7 of Plaintiffs' amended complaint.
8. Clerk Patrick O'Brian admits David Harris is the Director of the Department of Revenue of the State of Illinois, but denies the remainder of the allegations in paragraph 8 of Plaintiffs' amended complaint.
9. Clerk Patrick O'Brian admits that Cook County is a County as defined by the laws of the State of Illinois, but denies the remainder of the allegations in paragraph 9 of Plaintiffs' amended complaint.
10. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 10 of the Plaintiffs' amended complaint.
11. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 11 of the Plaintiffs' amended complaint.
12. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 12 of the Plaintiffs' amended complaint.
13. Clerk Patrick O'Brian admits that Fulton County is a County as defined by the laws of the State of Illinois, that Patrick O'Brian is its Clerk and Staci Mayall is its Treasurer, but denies the remainder of the allegations in paragraph 13 of Plaintiffs' amended complaint.

14. Clerk Patrick O'Brian admits paragraph 14 Plaintiffs' amended complaint.
15. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 15 of the Plaintiffs' amended complaint.
16. Clerk Patrick O'Brian admits that the Illinois Property Tax Code, 35 ILCS 200/1-1 *et. seq.* governs the assessment and collection of property taxes within the State of Illinois.
17. Clerk Patrick O'Brian admits that the Illinois Property Tax Code, 35 ILCS 200/1-1 *et. seq.* governs the assessment and collection of property, remedies available to taxing bodies for delinquent tax payments taxes, and delinquent property tax collection within the State of Illinois.
18. Clerk Patrick O'Brian admits that the Illinois Property Tax Code, 35 ILCS 200/1-1 *et. seq.* governs the "tax sale" process within the State of Illinois.
19. Clerk Patrick O'Brian denies paragraph 19 of the Plaintiffs' amended complaint.
20. Clerk Patrick O'Brian denies paragraph 20 of the Plaintiffs' amended complaint.
21. Clerk Patrick O'Brian denies paragraph 21 of the Plaintiffs' amended complaint.
22. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 22 of the Plaintiffs' amended complaint.
23. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 23 of the Plaintiffs' amended complaint.
24. Clerk Patrick O'Brian denies paragraph 24 of the Plaintiffs' amended complaint.
25. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 25 of the Plaintiffs' amended complaint.
26. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 26 of the Plaintiffs' amended complaint.
27. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 27 of the Plaintiffs' amended complaint.
28. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 28 of the Plaintiffs' amended complaint.
29. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 29 of the Plaintiffs' amended complaint.
30. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 30 of the Plaintiffs' amended complaint.
31. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 31 of the Plaintiffs' amended complaint.
32. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 32 of the Plaintiffs' amended complaint.
33. Clerk Patrick O'Brian admits that the Supreme Court in *Tyler v. Hennepin County*, 598 U.S. 631 (2023) made binding judicial decisions which the parties must abide by.
34. Clerk Patrick O'Brian denies paragraph 34 of the Plaintiffs' amended complaint.
35. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 35 of the Plaintiffs' amended complaint.
36. Clerk Patrick O'Brian denies paragraph 36 of the Plaintiffs' amended complaint.
37. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 37 of the Plaintiffs' amended complaint.
38. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 38 of the Plaintiffs' amended complaint.

39. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 39 of the Plaintiffs' amended complaint.
40. Clerk Patrick O'Brian incorporates and realleges paragraphs 1-39 as answer to paragraph 40 of the Plaintiffs' amended complaint.
41. Clerk Patrick O'Brian denies paragraph 41 of the Plaintiffs' amended complaint.
42. Clerk Patrick O'Brian denies paragraph 42 of the Plaintiffs' amended complaint.
43. Clerk Patrick O'Brian denies paragraph 43 of the Plaintiffs' amended complaint.
44. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 44 of the Plaintiffs' amended complaint.
45. Clerk Patrick O'Brian incorporates and realleges paragraphs 1-44 as answer to paragraph 45 of the Plaintiffs' amended complaint.
46. Clerk Patrick O'Brian denies paragraph 46 of the Plaintiffs' amended complaint.
47. Clerk Patrick O'Brian denies paragraph 47 of the Plaintiffs' amended complaint.
48. Clerk Patrick O'Brian denies paragraph 48 of the Plaintiffs' amended complaint.
49. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 49 of the Plaintiffs' amended complaint.
50. Clerk Patrick O'Brian incorporates and realleges paragraphs 1-49 as answer to paragraph 50 of the Plaintiffs' amended complaint.
51. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 51 of the Plaintiffs' amended complaint.
52. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 52 of the Plaintiffs' amended complaint.
53. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 53 of the Plaintiffs' amended complaint.
54. Clerk Patrick O'Brian incorporates and realleges paragraphs 1-53 as answer to paragraph 54 of the Plaintiffs' amended complaint.
55. Clerk Patrick O'Brian admits that the Supreme Court in *Tyler v. Hennepin County*, 598 U.S. 631 (2023) made binding judicial decisions which the parties must abide by.
56. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 56 of the Plaintiffs' amended complaint.
57. Clerk Patrick O'Brian admits that it cannot ask or require others to violate the law.
58. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 58 of the Plaintiffs' amended complaint.
59. Clerk Patrick O'Brian admits that it cannot ask or require others to violate the law.
60. Clerk Patrick O'Brian admits that state courts of the United States have interpreted the ruling in *Tyler v. Hennepin County,* 598 U.S. 631 (2023).
61. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 61 of the Plaintiffs' amended complaint.
62. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 62 of the Plaintiffs' amended complaint.
63. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 63 of the Plaintiffs' amended complaint.
64. Clerk Patrick O'Brian denies paragraph 64 of the Plaintiffs' amended complaint.
65. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 65 of the Plaintiffs' amended complaint.

66. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 66 of the Plaintiffs' amended complaint.
67. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 67 of the Plaintiffs' amended complaint.
68. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 68 of the Plaintiffs' amended complaint.
69. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 69 of the Plaintiffs' amended complaint.
70. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 70 of the Plaintiffs' amended complaint.
71. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 71 of the Plaintiffs' amended complaint.
72. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 72 of the Plaintiffs' amended complaint.
73. Clerk Patrick O'Brian incorporates and realleges paragraphs 1-72 as answer to paragraph 73 of the Plaintiffs' amended complaint.
74. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 74 of the Plaintiffs' amended complaint.
75. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 75 of the Plaintiffs' amended complaint.
76. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 76 of the Plaintiffs' amended complaint.
77. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 77 of the Plaintiffs' amended complaint.
78. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 78 of the Plaintiffs' amended complaint.
79. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 79 of the Plaintiffs' amended complaint.
80. Clerk Patrick O'Brian incorporates and realleges paragraphs 1-79 as answer to paragraph 80 of the Plaintiffs' amended complaint.
81. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 81 of the Plaintiffs' amended complaint.
82. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 82 of the Plaintiffs' amended complaint.
83. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 83 of the Plaintiffs' amended complaint.
84. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 84 of the Plaintiffs' amended complaint.
85. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 85 of the Plaintiffs' amended complaint.
86. Clerk Patrick O'Brian incorporates and realleges paragraphs 1-85 as answer to paragraph 86 of the Plaintiffs' amended complaint.
87. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 87 of the Plaintiffs' amended complaint.
88. Clerk Patrick O'Brian denies the allegations in paragraph 88 of the Plaintiff's amended complaint.

89. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 89 of the Plaintiffs' amended complaint.
90. Clerk Patrick O'Brian denies the allegations in paragraph 90 of the Plaintiff's amended complaint.
91. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 91 of the Plaintiffs' amended complaint.
92. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 92 of the Plaintiffs' amended complaint.
93. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 93 of the Plaintiffs' amended complaint.
94. Clerk Patrick O'Brian incorporates and realleges paragraphs 1-93 as answer to paragraph 94 of the Plaintiffs' amended complaint.
95. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 95 of the Plaintiffs' amended complaint.
96. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 96 of the Plaintiffs' amended complaint.
97. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 97 of the Plaintiffs' amended complaint.
98. Clerk Patrick O'Brian denies the allegations in paragraph 98 of the Plaintiff's amended complaint.
99. Clerk Patrick O'Brian incorporates and realleges paragraphs 1-98 as answer to paragraph 99 of the Plaintiffs' amended complaint.
100. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 100 of the Plaintiffs' amended complaint.
101. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 101 of the Plaintiffs' amended complaint.
102. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 102 of the Plaintiffs' amended complaint.
103. Clerk Patrick O'Brian incorporates and realleges paragraphs 1-102 as answer to paragraph 103 of the Plaintiffs' amended complaint.
104. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 104 of the Plaintiffs' amended complaint.
105. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 105 of the Plaintiffs' amended complaint.
106. Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 106 of the Plaintiffs' amended complaint.
107. Clerk Patrick O'Brian incorporates and realleges paragraphs 1-106 as answer to paragraph 107 of the Plaintiffs' amended complaint.

**108.**  Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 108 of the Plaintiffs' amended complaint.

**109.**  Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 109 of the Plaintiffs' amended complaint.

**110.**  Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 110 of the Plaintiffs' amended complaint.

**111.**  Clerk Patrick O'Brian lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 111 of the Plaintiffs' amended complaint.

WHEREFORE, Defendant Fulton County, Illinois Clerk Patrick O'Brian respectfully requests this Honorable Court to deny the remedies requested by the Plaintiffs' in its' amended complaint for declaratory, equitable and injunctive relief, and for any other relief this Honorable Court deems just and fair.

PATRICK O'BRIAN, in his official capacity as Clerk of Fulton County, Illinois
BY: _____
Justin Jochums
Fulton County, Illinois State's Attorney

Justin G Jochums
ARDC # 6277727
Fulton County State's Attorney
100 N. Main St.
Lewistown, IL 61542
309-547-3041