IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *INTEGRITY INVESTMENT FUND, LLC, et al*<br>**Plaintiff(s),**<br><br>vs.<br><br>*KWAME RAOUL, et al*<br>**Defendant(s)** | **CIVIL NO.** 25-1122<br><br>**CJRA TRACK:** C<br><br>**TRIAL DATE:** December 14, 2026<br><br>**JUDGE:** Judge David W. Dugan<br><br>**MANDATORY MEDIATION:** No |

**JOINT REPORT OF PARTIES AND
PROPOSED SCHEDULING AND DISCOVERY ORDER**

Pursuant to Federal Rule of Civil Procedure 26(f) and SDIL-LR 16.2(a), an initial conference of the parties was held on September 16, 2025 with attorneys and/or unrepresented parties Click here to enter text participating.

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

1. Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 shall be served on opposing parties by Parties agree that no schedule should be entered until all parties are served and before the Court. The State Defendants request a stay of all dates pending the outcome of their motions to dismiss.

2. Plaintiff's[1] deposition shall be taken by Parties agree that no schedule should be entered until all parties are served and before the Court.

---

[1]Unless otherwise specified by the parties, the term "Plaintiff" in this scheduling order refers to the named individual plaintiff. When the named plaintiff is an organization, "Plaintiff's deposition" refers exclusively to the deposition of designated individuals pursuant to Federal Rule of Civil Procedure 30(b)(6) as the organization's representative(s). It does not include depositions of the organization's employees or agents taken as fact witnesses.

*Rev 11/20*

3. Defendant's[2] deposition shall be taken by <u>Parties agree that no schedule should be entered until all parties are served and before the Court</u>.

4. Motions to amend the pleadings, including the commencement of a third party action, shall be filed by <u>December 1, 2025</u> (which date shall be no later than **90 days** following the Scheduling and Discovery conference).

5. Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:
   Plaintiff's expert(s): <u>Parties agree that no schedule should be entered until all parties are served and before the Court</u>.
   Defendant's expert(s): <u>Parties agree that no schedule should be entered until all parties are served and before the Court</u>.
   Third Party expert(s): <u>Parties agree that no schedule should be entered until all parties are served and before the Court</u>.

6. Depositions of expert witnesses must be taken by:
   Plaintiff's expert(s): <u>Parties agree that no schedule should be entered until all parties are served and before the Court</u>.
   Defendant's expert(s): <u>Parties agree that no schedule should be entered until all parties are served and before the Court</u>.
   Third Party expert(s): <u>Parties agree that no schedule should be entered until all parties are served and before the Court</u>.

7. The parties **CERTIFY** that they have not yet discussed, in particular, the proportionality of discovery, the burden and expense associated with discovery, and the discovery of electronically stored information (ESI). However, the parties agree that they ☒ do ☐ do not anticipate a need for an ESI protocol. The parties shall submit to the Court any joint proposed ESI protocol no later than <u>January 12, 2026</u>. (The protocol shall contain mechanisms for addressing necessary topics concerning ESI to include sources of information, search terms, format of production and preservation of ESI by both Plaintiff(s) and Defendant(s)).

---

[2] Unless otherwise specified by the parties, the term "Defendant" in this scheduling order refers to the named individual defendant. When the named defendant is an organization, "Defendant's deposition" refers exclusively to the deposition of designated individuals pursuant to Federal Rule of Civil Procedure 30(b)(6) as the organization's representative(s). It does not include depositions of the organization's employees or agents taken as fact witnesses.

*Rev 11/20*

8. **Discovery** shall be completed by August 14, 2026 (which date shall be no later than **130 days** before the first day of the month of the trial month or the first day of the month of the trial setting). Any written interrogatories or request for production served after the date of the Scheduling and Discovery Order shall be served by a date that allows the served parties the full **30 days** as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cut-off date.[3]

9. All **dispositive motions** shall be filed by September 5, 2026 (which date shall be no later than **100 days** before the first day of the month of the trial month or the first day of the month of the trial setting). Dispositive motions filed after this date will not be considered by the Court.

10. The parties should consult § I.A. of the Case Management Order docketed in this case (detailing discovery dispute procedures) prior to filing any motions concerning discovery.

DATED: September 16, 2025

David G. Sigale
Law Firm of David G. Sigale, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547
dsigale@sigalelaw.com

Attorney(s) for Plaintiff(s)

/s/ *Jerome T. Murphy*
Jerome T. Murphy # 6316990 (IL)
233 S. Wacker Dr., 61st Floor
Chicago, IL 60606
Tel: (312) 627-4000
Fax: (312) 627-1717

---

[3] The deadline for the close of discovery encompasses all discovery activities, including depositions of fact witnesses, unless otherwise specified by the parties or ordered by the court. Depositions of a party organization's employees or agents taken as fact witnesses (not as Rule 30(b)(6) representatives) may be conducted after the deadline for deposing the party organization but must be completed before the close of discovery.

*Rev 11/20*

jmurphy@tresslerllp.com
*Attorney for Adams County, Bureau County, Cass County, Champaign County, Clay County, Cole County, Crawford County, Grundy County, Henry County, Jersey County, Kendall County, Lake County, Logan County, Putnam County, Carroll County, Winnebago County, Whiteside County, Tazewell Conty, Sangamon County, Shelby County, Stark County, Rock Island County, Piatt County, Peoria County, Ogle County, McLean County, Montgomery County, Moultrie County, Vermilion County, Ford County, Lee County, Livingston County, and Boone County Defendants*

*/s/ Jonathon C. Fox*
*(with permission)*
Jonathon C. Fox
Mitvalsky, Van Vooren & Fox, P.C.
1515 – 5th Avenue, Suite 428
Moline, IL 61265
309-623-8000
jfox@mvflegal.com
*Attorney for Henry County Defendants*


*/s/ Graeme J. Quinn*
*(with permission)*
Graeme J. Quinn
Office of the DuPage County State's Attorney
503 North County Farm Rd.
Wheaton, IL  60187
(630) 407-8000
Graeme.Quinn@dupagecounty.g

ov
*Attorney for Dupage County Defendants*

*/s/Laura Lee Scarry*
*(with permission)*
Laura Lee Scarry
McHenry County State's Attorney
2200 N. Seminary Ave.
Woodstock, IL 60098
815-334-4159
llscarry@mchenrycountyil.gov
*Attorney for McHenry County Defendants*

*/s/Erika M. Hamer*
*(with permission)*
Erika M. Hamer
Will County State's Attorneys Office
57 N Ottawa
Joliet, IL 60432
815-727-8404
ehamer@willcountysao.gov
*Attorney for Kankakee County and Will County Defendants*

*/s/Scott Pyles*
*(with permission)*
Scott Pyles
Will County State's Attorneys Office
57 N Ottawa
Joliet, IL 60432
815-727-1318
spyles@rcklawfirm.com
*Attorney for Kankakee County and Will County Defendants*

*/s/Erin Brady*
*(with permission)*
Erin Brady

Kane County State's Attorney's Office
100 South Third Street
Fourth Floor
Geneva, IL 60134
630-208-5331
bradyerin@kanecountyil.gov
*Attorney for Kane County Defendants*

*/s/Matthew Trapp*
*(with permission)*
Matthew Trapp
GIFFIN, WINNING, COHEN & BODEWES, P.C
900 Community Drive
Springfield, IL 62703
(217) 525-1571
mtrapp@gwcblaw.com
*Attorney for Franklin, Jackson, LaSalle, Mason, Menard, Perry, and White County Defendants*

*/s/ Christopher J. Jump*
*(with permission)*
Christopher J. Jump
Davis & Campbell L.L.C.
401 Main Street, Suite 1600
Peoria, IL 61602
309-673-1681
cjjump@dcamplaw.com
*Attorney for Fulton County Defendants*