IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTEGRITY INVESTMENT FUND, ) <br> LLC, an Illinois limited liability company, ) <br> INTEGRITY INVESTMENT REO ) <br> HOLDINGS, LLC, an Illinois limited ) <br> liability company, SIGTELLO, LLC, an ) <br> Illinois Series limited liability company ) <br> ABBOTT PORTFOLIO, LLC, an Illinois ) <br> limited liability company, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> -vs- ) <br>   ) <br> KWAME RAOUL, in his official capacity ) <br> as Attorney General of the State of ) <br> Illinois; DAVID HARRIS, in his capacity ) <br> As Director of the Illinois Department of ) <br> Revenue; et al ) <br> AND ) <br> MACOUPIN COUNTY, ILLINOIS, an ) <br> Illinois political subdivision unit of ) <br> government; AMBER MCGARTLAND ) <br> in her capacity as Treasurer of ) <br> Macoupin County; PETE DUNCAN ) <br> in his capacity as Clerk of Macoupin ) <br> County, et al. ) <br>   ) <br>   Defendants. ) | No. 3:25-CV-01122-DWD |

**MOTION TO DISMISS PURSUANT TO**
**FEDERAL RULES OF PROCEDURE 12(b)(1) AND 12(b)(6)**

NOW COMES, Defendants, MACOUPIN COUNTY, ILLINOIS, an Illinois political unit of government; hereinafter referred to as "Macoupin County" and AMBER MCGARTLAND, in her capacity as Treasurer of Macoupin County, and PETE DUNCAN, in his capacity as County Clerk of Macoupin County, by and through their Attorney RICK

1

VERTICCHIO of the Law Firm of VERTICCHIO & VERTICCHIO and pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6) requests this proceeding be dismissed for failure of this Court to have Jurisdiction of the Subject Matter and Failure to State a Claim upon which Relief can be Granted, and in support thereof, states as follows:

### INTRODUCTION

The "Introduction Section" of the Plaintiffs Complaint suggests the Fifth Amendment to the United States Constitution bars the State of Illinois or any County thereof from seizing property from the owner for the purpose of delinquent property taxes while in the process forever depriving the property owner of the surplus equity in said property.

The basis for the Plaintiffs suggestion is a 2023 decision of the United States Supreme Court in **Tyler v. Hennepin County**, 598 U.S. 631 (2023). The decision in **Tyler** was directed to the tax sale procedure in the State of Minnesota and was a claim brought by a owner of real estate suggesting the taking of her property without proper compensation; although consistent with the State delinquent tax sale procedure as authorized by the State of Minnesota was unconstitutional. As opposed to the Plaintiff in **Tyler**, the Complaint in this matter has been filed on behalf of corporations, which have allegedly purchased tax certificates under the Illinois Property Tax Code 35 ILCS 200/1-1 et seq. It is this factual distinction that questions as to whether this Court has Jurisdiction of the subject matter in this proceeding with the claim filed by the tax certificate holders, as opposed to the owner of the property, the factual distinction is significant.

Recognizing the relief being sought by the Plaintiffs is a Declaratory action related to what is described by the Plaintiff as a risk of possible claims from property owners in the future. Since the Plaintiffs seek a Declaratory Judgment it is necessary to recognize the Declaratory Judgment Act under Federal Law does not create a separate jurisdictional basis as discussed by the court in Medtronic, Inc. v. Mirowski Family Ventures, LLC, 571 U.S. 191, 134 S. Ct. 843 (2014). In order for a Declaratory Judgment to be entered by the Court, there is a requirement of an actual controversy that mandates the Plaintiff establish Constitutional Standings requiring a personal stake in the action. *See* California et al. v. Texas et al. 593 U.S. 659, 141 S. Ct. 2104 (2021).

The Court in Sheila Mikel v. Margie Quin et al. 58 F. 4th 252 (Sixth Cir. 2023) noted Declaratory Judgments are not a Get-Out-Of-Standing Free cards. The Plaintiffs in this matter fail to have Constitutional Standing and thereby deprives this Court of jurisdiction of the subject matter and subject to dismissal under Federal Rule of Procedure 12(b)(1).

**LEGAL STANDARDS**

**I.      Federal Rule of Procedure 12(b)(1)**

Rule 12(b)(1) allows a party to challenge the existence of subject matter jurisdiction. "Federal [district] courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." Kokkenen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint," Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011), but "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" to

3

"assure itself of its own subject matter justification." <u>Settles v. U.S. Parole Comm'n</u>, 429 F.3d 1098, 1107 (D.C. Cir. 2005).

Since the Plaintiffs, by their own admission, are basing their claim on **Tyler**, this court should note the factual differences between the personal stake of the Plaintiff in **Tyler**, being the landowner that was deprived of the property, and the Plaintiffs, in this matter, as tax certificate purchasers, who suggest at best a risk to exists to them in the future. Further, the facts will reveal that in Macoupin County, none of the Plaintiffs have outstanding tax certificates that could subject to them to what is best described by the Plaintiffs as a "risk" in the future. The parties in this matter, particularly the County of Macoupin and its officials, are not involved in an actual controversy denying the Plaintiff Constitutional Standing.

To invoke the jurisdiction of a federal court, a plaintiff must establish standing under Article III of the United States Constitution. Standing requires a showing of (1) an "injury of fact" that is concrete, particularized, and actual or imminent; (2) a casual connection between the alleged injury and the defendant's conduct; and (3) the injury is likely to be redressed by a favorable decision. <u>Lujan v. Defs. of Wildlife,</u> 504 U.S. 555, 560-61 (1992). These requirements are an "irreducible constitutional minimum." *Id.* at 560. If a plaintiff cannot meet this threshold showing, the case must be dismissed for lack of subject-matter jurisdiction.

**II.     The Plaintiffs Claim Lacks Constitutional Standing**

The United States Supreme Court in <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 (1992) when addressing the issue of constitutional standing, required the party seeking to assert a claim must establish injury in fact as opposed to the Plaintiffs desire to avoid

a risk of a future claim against it. The court further held there needs to be causation between the Plaintiffs injury and the Defendants' conduct. In the case at bar, the Plaintiffs can not assert causation of a sufficient certainty based upon the County of Macoupin's officials by simply complying with the state law. The Plaintiffs lack constitutional standing to seek redress of what, by its own admission, is only a risk as opposed to an actual controversy.

### III.     Declaratory Judgment Act.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C 2201(a). The "actual controversy" requirement of the Act is equivalent to the "case or controversy" requirement. In MedImmune, Inc. v. Genentech, Inc. 549 U.S. 118, 127 (2007). A case or controversy exists when "there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." See MedImmune, Inc. v. Genentech, Inc. 549 U.S. 118, 127 (2007).  The case-or-controversy requirement "is no less strict when a party is seeking a declaratory judgment that for any other relief" Fed. Express Corp. v. Air Line Pilots Ass'n, 67 F3d 961, 963 (D.C. Cir. 1995).

Importantly, the Declaratory Judgment Act does not itself "provide a cause of action." Ali v. Rumsfield, 649 F.3d 762, 778 (D.C. Cir. 2011). A party bringing an action for declaratory judgment must therefore assert some underlying federal cause of action that could otherwise have been brought between the parties in federal court.  Rather, the Plaintiffs have not alleged a cognizable cause of action and therefore have no basis upon

5

which to seek declaratory relief."); see also City of Reno v. Netflix, Inc., 52 F.4th 874, 878-79 (9th Cir. 2022) In effect, an action seeking declaratory relief "borrows the underlying cause of action" that the court could otherwise have brought between the parties. City of Reno, 52 F.4th at 879.

Even where jurisdiction exists, courts enjoy broad discretion in deciding whether to entertain a request for declaratory relief. *See* 28 U.S.C. 2201. See also Morgan Drexen, Inc. v. Consumer Fin. Prot. Bureau, 785 F3d 684, 696-97 (D.C. Cir. 2015). One key factor in determining whether a court will hear a declaratory judgment action is the usefulness of a declaration. See Morgan Drexen, 785 F3d. at 697.

## LEGAL ARGUMENT

The Complaint filed in this matter on behalf of the Plaintiffs, being four separate Illinois Limited Liability Corporations, that function as tax buyers for tax sales that occur under the laws of the State of Illinois by Counties nevertheless require an actual case or controversy to exist in order to provide this Court with Jurisdiction of the subject matter.

The Complaint pending in this matter seeks Declaratory, Equitable, and Injunctive Relief seeking a decision the system under the laws of the State of Illinois for the sale by Counties for property for which there are delinquent tax bills pursuant to the Illinois Property Tax Code 35 ILCS 200-1-1 et seq.  This factual distinction distinguishes this case from the decision of the United States Supreme Court in **Tyler v. Hennepin County**, 598 U.S. 631 (2023) being a decision related to the sale of property for delinquent taxes occurring in the State of Minnesota and thereby depriving a property owner of its property

6

on a permanent basis without compensation for the surplus equity preventing Plaintiffs claim from being an actual case or controversy.

Since the relief being sought in this proceeding is directed to the Defendant, State of Illinois, and various counties and County Officials is therefore controlled by the substantive law of the State of Illinois. The Plaintiffs, as tax buyers, claim only to be at risk under the Illinois Property Tax Code as opposed to a property owner which arguably could at least claim to be denied ownership of the property on a permanent basis without making allocation for surplus equity in the property without compensation.

The decision of the United States Supreme Court in **Tyler** did not direct its ruling specifically to the Illinois Property Tax Code. Further, the construction of the Illinois Property Tax Code as effected by the **Tyler** court, has not been decided by any State or Federal Court, setting forth controlling rulings on the issue of deprivation of the surplus value of the property without compensation.

This Court's Jurisdiction of the subject matter exists only if Plaintiffs request for Equitable and Injunctive Relief to enter a Declaratory Judgment resolves an actual controversy similar to the decision of the United States Supreme Court in **Tyler**, which resolved an actual controversy related to Minnesota's Tax Code allegedly denying the rights of the property owner to the surplus equity of his property. Under **Tyler** the request of the Plaintiffs was a claim in a case of actual controversy by property owners who was allegedly denied the surplus value of property over and above the delinquent tax amounts without compensation. In this case, failing to include the actual party in controversy, being a property owner, whose property was taken under provisions of the Illinois Property Tax Code is in violation of the decision of the Court in Chicago and E.I.R. Company v. Reserve

7

Insurance Company, 99 Ill.App. 3d 433, 425 N.E. 2d 429, 55 Ill.Dec.564 (1981) where the Court held the primary purpose of the Declaratory Judgment is to permit a Plaintiff to obtain a declaration of its rights and liability before proceeding with a course of conduct for which it might later be held liable to Defendant. The failure to include an actual party in controversy in an Illinois delinquent property tax sale proceeding causes this matter not to be in "actual controversy" for which declaratory judgment can be granted.

The Plaintiffs cannot establish that as tax buyers this proceeding is directed to a claim by any property owner related to an alleged denial of surplus value of the property over and above the outstanding taxes without compensation. Therefore, there is no actual controversy existing between the four named Plaintiffs and the Defendant, State and County Government units and County Officials. *See* Clyde Savings and Loan Association v. May Department Stores 100 Ill.App. 3d 189, 426 N.E. 2d 955, 55 Ill.Dec. 630 (1981).

Finally, the Court in Denkewalker v. Wolberg, 82 Ill.App. 3d 569, 402 N.E. 2d 885, 37 Ill.Dec. 883 (1980) recognized although a procedure for declaratory relief should be construed liberally, a Complaint for Declaratory Judgment must still resolve an actual controversy upon which relief can be granted.

WHEREFORE, for the above and foregoing reasons, the Complaint filed herein should be dismissed pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6) and for such other and further relief as this Court deems proper and just.

Respectfully Submitted,

MACOUPIN COUNTY, ILLINOIS, an Illinois political subdivision unit of government; AMBER MCGARTLAND in her capacity as Treasurer of Macoupin County; PETE DUNCAN in his capacity as Clerk of Macoupin County, et al., Defendants

BY: /s/ Rick Verticchio
       One of Its Attorneys

RICK VERTICCHIO, #3122162
VERTICCHIO & VERTICCHIO
100 East Chestnut
P.O. Box 87
Gillespie, IL 62033
Telephone: (217) 839-4411
Email: gillespie@verticchiolaw.com

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF PROCEDURE 12(b)(1) AND 12(b)(6)** served upon the following by email transmission as hereinafter set forth on the 8th day of October 2025.

David G. Sigale
Law Firm of David G. Sigale, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
dsigale@sigalelaw.com

Michael Thomas Dierkes
Illinois Attorney General's Office
115 S. LaSalle St.
Ste. 27th Fl.
Chicago, IL 60603
Michael.dierkes@ilag.gov

Anthony Michael O'Brien
Cook County State's Attorney's Office
Civil Actions Bureau
50 W. Washington, 5th Floor
Chicago, IL 60602
Anthony.obrien@cookcountysao.org

Edward M. Brener
Cook County State's Attorney's Office
Civil Actions Bureau
50 W. Washington, 5th Floor
Chicago, IL 60602
Edward.brener@cookcountysao.org

Megan Honingford
Cook County State's Attorney's Office
Civil Actions Bureau
50 W. Washington, 5th Floor
Chicago, IL 60602
megan.honingford@cookcountysao.org

Jerome T. Murphy
Tressler LLP
Sears Tower
233 South Wacker Drive
61st Floor
Chicago, IL 60606
Jmurphy@tresslerllp.com

Rosa Marie Tumialan-Landy
Tressler LLP
Sears Tower
233 South Wacker Drive
61st Floor
Chicago, IL 60606
rtumialan@tresslerllp.com

Graeme Quinn
DuPage County State's Attorney's Office
503 N. County Farm Rd.
Wheaton, IL 60187
Graeme.quinn@dupagecounty.gov

Trevor Prindle
DuPage County State's Attorney's Office
503 N. County Farm Rd.
Wheaton, IL 60187
trevor.prindle@dupagecounty.gov

Jason E. Brokaw
Giffin Winning Cohen & Bodewes, P.C.
900 Community Drive
Springfield, IL 62703
jbrokaw@giffingwinning.com

David A. Herman
Giffin Winning Cohen & Bodewes, P.C.
900 Community Drive
Springfield, IL 62703
dherman@gwcblaw.com

Matthew R. Trapp
Giffin Winning Cohen & Bodewes, P.C.
900 Community Drive
Springfield, IL 62703
mtrapp@gwcblaw.com

Christopher J. Jump
Davis & Campbell L.L.C
401 Main Street, Suite 1600
Peoria, IL 61602
cjjump@dcamplaw.com

Justin G. Jochums
Fulton County State's Attorney
100 N. Main St., Ste 202
Lewistown, IL 61542
jjochums@fultonco.org

Richard A. Russo
Davis & Campbell L.L.C
401 Main Street, Suite 1600
Peoria, IL 61602
rarusso@dcamplaw.com

Erika M. Hamer
Will County State's Attorney's Office
57 N. Ottawa
Joliet, IL 60432
ehamer@willcountysao.gov

Gary Scott Pyles
Will County State's Attorney's Office
57 N. Ottawa
Joliet, IL 60432
spyles@rcklawfirm.com

Timothy J. Hudspeth
Hunter Law Firm
104 West Main St.
Salem, IL 62881
thudspeth@marionco.illinois.gov

Laura Lee Scarry
McHenry County State's Attorney
2200 N. Seminary Ave.
Woodstock, IL 60098
llscarry@mchenrycountyil.gov

Troy Owens
McHenry County State's Attorney's Office
2200 North Seminary Avenue
Suite 150
Woodstock, IL 60098
tcowens@mchenrycountyil.gov

Jacob Mellinger
Rock Island County State's Attorney's Office
Civil Division
1317 3rd Ave., 2nd Floor
Rock Island, IL 61201
mellinger@rockislandcountyil.gov

Thomas R. Ysursa, P.C.
Generally Admitted
5111 West Main Street
Belleville, IL 62226
try@bhylaw.com

Paul T. Slocomb LLC
1115 Locust Street
4th Floor
St. Louis, MO 63101
paulslocomb@yahoo.com

Adam C. Lipetz
Will County State's Attorney's Office
57 North Ottawa Street
6th Floor
Joliet, IL 60432
alipetz@atg.state.il.us


/s/ Rick Verticchio