## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| INTEGRITY INVESTMENT FUND, LLC, an Illinois limited liability company, INTEGRITY INVESTMENT REO HOLDINGS, LLC, an Illinois limited liability company, SIGTELLO, LLC, an Illinois series limited liability company, and ABBOTT PORTFOLIO, LLC, an Illinois limited liability company, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 3:25 CV 1122-DWD |
| | ) | |
| KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois; DAVID HARRIS, in his official capacity as Director of the Illinois Department of Revenue; | ) ) ) ) ) | |
| | ) | |
| COOK COUNTY, ILLINOIS, an Illinois political subdivision unit of government; MARIA PAPPAS, in her capacity as Treasurer of Cook County; MONICA GORDON, in her capacity as Clerk of Cook County; | ) ) ) ) ) ) | |
| | ) | |
| ADAMS COUNTY, ILLINOIS, an Illinois political subdivision unit of government; F. BRYDEN CORY, in his capacity as Treasurer of Adams County, Illinois; RYAN A. NIEKAMP, in his capacity as Clerk of Adams County, Illinois; | ) ) ) ) ) ) ) ) | |
| | ) | |
| BOONE COUNTY, ILLINOIS, an Illinois political subdivision unit of government; CURTIS P. NEWPORT, in his capacity as Treasurer of Boone County, Illinois; JULIE A. BLISS, in his capacity as Clerk of Boone County, | ) ) ) ) ) ) ) | |

Illinois;                                    )
                                             )
BUREAU COUNTY, ILLINOIS, an                  )
Illinois political subdivision unit of       )
government; JOSEPH BIRKEY, in his            )
capacity as Treasurer of Bureau County,      )
Illinois; MATTHEW S. EGGERS, in his          )
capacity as Clerk of Bureau County,          )
Illinois;                                    )
                                             )
CARROLL COUNTY, ILLINOIS, an                 )
Illinois political subdivision unit of       )
government; LYDIA HUTCHCARFT, in             )
her capacity as Treasurer of Carroll         )
County, Illinois; AMY BUSS, in her           )
capacity as Clerk of Carroll County,         )
Illinois;                                    )
                                             )
CASS COUNTY, ILLINOIS, an Illinois           )
political subdivision unit of government;    )
TRAVIS COX, in his capacity as               )
Treasurer of Cass County, Illinois;          )
SHELLY WESSEL, in her capacity as            )
Clerk of Cass County, Illinois;              )
                                             )
CHAMPAIGN COUNTY, ILLINOIS, an               )
Illinois political subdivision unit of       )
government; BYRON CLARK, in his              )
capacity as Treasurer of Champaign           )
County, Illinois; AARON AMMONS, in           )
his capacity as Clerk of Champaign           )
County, Illinois;                            )
                                             )
CHRISTIAN COUNTY, ILLINOIS, an               )
Illinois political subdivision unit of       )
government; BETTY ASMUSSEN, in               )
her capacity as Treasurer of Christian       )
County, Illinois; JODIE BADMAN, in           )
her capacity as Clerk of Christian           )
County, Illinois;                            )
                                             )
CLAY COUNTY, ILLINOIS, an Illinois           )
political subdivision unit of government;    )
STACY ALLEN, in her capacity as              )

2

Treasurer of Clay County, Illinois; AMY
BRITTON, in her capacity as Clerk of
Clay County, Illinois;

CLINTON COUNTY, ILLINOIS, an
Illinois political subdivision unit of
government; DENISE TRAME, in her
capacity as Treasurer of Clinton County,
Illinois; VICKY ALBERS, in her capacity
as Clerk of Clinton County, Illinois;

COLES COUNTY, ILLINOIS, an Illinois
political subdivision unit of government;
GEORGE E. EDWARDS, in his capacity
as Treasurer of Coles County, Illinois;
JULIE COE, in her capacity as Clerk of
Coles County, Illinois;

CRAWFORD COUNTY, ILLINOIS, an
Illinois political subdivision unit of
government; RIKKI CALLOWAY, in her
capacity as Treasurer of Crawford
County, Illinois; BECKIE STALEY, in
her capacity as Clerk of Crawford
County, Illinois;

CUMBERLAND COUNTY, ILLINOIS,
an Illinois political subdivision unit of
government; JENY MAYNARD, in her
capacity as Treasurer of Cumberland
County, Illinois; BEVERLY HOWARD,
in her capacity as Clerk of Cumberland
County, Illinois;

DEWITT COUNTY, ILLINOIS, an
Illinois political subdivision unit of
government; JAY RUSSELL, in his
capacity as Treasurer of DeWitt County,
Illinois; KARI HARRIS, in her capacity
as Clerk of DeWitt County, Illinois;

DUPAGE COUNTY, ILLINOIS, an
Illinois political subdivision unit of
government; GWEN HENRY, in her

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

3

capacity as Treasurer of DuPage County, )
Illinois; JEAN KACZMAREK, in her )
capacity as Clerk of DuPage County, )
Illinois; )
)
FORD COUNTY, ILLINOIS, an Illinois )
political subdivision unit of government; )
KRISHA WITCOMB, in her capacity as )
Treasurer of Ford County, Illinois; AMY )
FREDERICK, in her capacity as Clerk of )
For County, Illinois; )
)
FRANKLIN COUNTY, ILLINOIS, an )
Illinois political subdivision unit of )
government; STEVE VERCELLINO, in )
his capacity as Treasurer of Franklin )
County, Illinois; KEVIN WILSON, in his )
capacity as Clerk of Franklin County, )
Illinois; )
)
FULTON COUNTY, ILLINOIS, an )
Illinois political subdivision unit of )
government; STACI MAYALL, in her )
capacity as Treasurer of Fulton County, )
Illinois; PATRICK O'BRIAN, in his )
capacity as Clerk of Fulton County, )
Illinois; )
)
GRUNDY COUNTY, ILLINOIS, an )
Illinois political subdivision unit of )
government; TODD KOEHN, in his )
capacity as Treasurer of Grundy County, )
Illinois; KAY OLSON, in her capacity as )
Clerk of Grundy County, Illinois; )
)
HANCOCK COUNTY, ILLINOIS, an )
Illinois political subdivision unit of )
government; KRISTINE PILKINGTON, )
in her capacity as Treasurer of Hancock )
County, Illinois; HOLLY WILDE- )
TILLMAN, in her capacity as Clerk of )
Hancock County, Illinois; )
)
HENRY COUNTY, ILLINOIS, an )

4

Illinois political subdivision unit of government; KELLY VINCENY, in her capacity as Treasurer of Henry County, Illinois; BARBARA M LINK, in her capacity as Clerk of Henry County, Illinois;

JACKSON COUNTY, ILLINOIS, an Illinois political subdivision unit of government; LIZ HUNTER, in her capacity as Treasurer of Jackson County, Illinois; FRANK L. BYRD, in his capacity as Clerk of Jackson County, Illinois;

JERSEY COUNTY, ILLINOIS, an Illinois political subdivision unit of government; BECCA STRANG, in her capacity as Treasurer of Jersey County, Illinois; PAM WARFORD, in her capacity as Clerk of Jersey County, Illinois;

KANE COUNTY, ILLINOIS, an Illinois political subdivision unit of government; CHRIS LAUZEN, in her capacity as Treasurer of Kane County, Illinois; JOHN A. CUNNINGHAM, in his capacity as Clerk of Kane County, Illinois;

KANKAKEE COUNTY, ILLINOIS, an Illinois political subdivision unit of government; NICHOLAS AFRICANO, in his capacity as Treasurer of Kankakee County, Illinois; DAN HENDRICKSON, in his capacity as Clerk of Kankakee County, Illinois;

KENDALL COUNTY, ILLINOIS, an Illinois political subdivision unit of government; JILL FERKO, in her capacity as Treasurer of Kendall County, Illinois; DEBBIE GILLETTE, in her

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

5

capacity as Clerk of Kendall County, Illinois; )
)
)
LAKE COUNTY, ILLINOIS, an Illinois political subdivision unit of government; HOLLY KIM, in her capacity as Treasurer of Lake County, Illinois; ANTHONY VEGA, in his capacity as Clerk of Lake County, Illinois; )
)
)
)
)
)
)
)
LASALLE COUNTY, ILLINOIS, an Illinois political subdivision unit of government; JAMES L. SPELICH, in his capacity as Treasurer of LaSalle County, Illinois; JENNIFER EBNER, in her capacity as Clerk of LaSalle County, Illinois; )
)
)
)
)
)
)
)
)
LAWRENCE COUNTY, ILLINOIS, an Illinois political subdivision unit of government; BARBIE MOREY, in her capacity as Treasurer of Lawrence County, Illinois; WILL C. GIBSON, in his capacity as Clerk of Lawrence County, Illinois; )
)
)
)
)
)
)
)
)
LEE COUNTY, ILLINOIS, an Illinois political subdivision unit of government; PAUL RUDOLPHI, in his capacity as Treasurer of Lee County, Illinois; NANCY PETERSON, in her capacity as Clerk of Lee County, Illinois; )
)
)
)
)
)
)
LIVINGSTON COUNTY, ILLINOIS, an Illinois political subdivision unit of government; M. NIKKI MEIER, in her capacity as Treasurer of Livingston County, Illinois; KRISTY MASCHING, in her capacity as Clerk of Livingston County, Illinois; )
)
)
)
)
)
)
)
LOGAN COUNTY, ILLINOIS; an Illinois political subdivision unit of government; PENNY THOMAS, in her )
)
)
)

6

capacity as Treasurer of Logan County, Illinois; THERESA MOORE, in her capacity as Clerk of Logan County, Illinois;

MACOUPIN COUNTY, ILLINOIS, an Illinois political subdivision unit of government; AMBER MCGARTLAND, in her capacity as Treasurer of Macoupin County, Illinois; PETE DUNCAN, in his capacity as Clerk of Macoupin County, Illinois;

MARION COUNTY, ILLINOIS, an Illinois political subdivision unit of government; GARY L. PURCELL, in his capacity as Treasurer of Marion County, Illinois; STEVEN FOX, in his capacity as Clerk of Marion County, Illinois;

MARSHALL COUNTY, ILLINOIS, an Illinois political subdivision unit of government; CYNTHIA NIGHSONGER, in her capacity as Treasurer of Marshall County, Illinois; JILL KENYON, in her capacity as Clerk of Marshall County, Illinois;

MASON COUNTY, ILLINOIS, an Illinois political subdivision unit of government; CARI B. MEEKER, in her capacity as Treasurer of Mason County, Illinois; SUMMER BROWN, in her capacity as Clerk of Mason County, Illinois;

MCDONOUGH COUNTY, ILLINOIS, an Illinois political subdivision unit of government; DANA MOON, in her capacity as Treasurer of McDonough County, Illinois; JEREMY BENSON, in his capacity as Clerk of McDonough County, Illinois;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

7

MCHENRY COUNTY, ILLINOIS, an Illinois political subdivision unit of government; GLENDA L. MILLER, in her capacity as Treasurer of McHenry County, Illinois; JOSEPH J TIRIO, in his capacity as Clerk of McHenry County, Illinois; )

MCLEAN COUNTY, ILLINOIS, an Illinois political subdivision unit of government; REBECCA C MCNEIL, in her capacity as Treasurer of McLean County, Illinois; KATHY MICHAEL, in her capacity as Clerk of McLean County, Illinois; )

MENARD COUNTY, ILLINOIS, an Illinois political subdivision unit of government; MOLLY BETTIS, in her capacity as Treasurer of Menard County, Illinois; MARTHA GUM, in her capacity as Clerk of Menard County, Illinois; )

MERCER COUNTY, ILLINOIS, an Illinois political subdivision unit of government; BEV LOWER, in her capacity as Treasurer of Mercer County, Illinois; BRIAN GERBER, in his capacity as Clerk of Mercer County, Illinois; )

MONTGOMERY COUNTY, ILLINOIS, an Illinois political subdivision unit of government; NIKKI LOHMAN, in her capacity as Treasurer of Montgomery County, Illinois; SANDY LEITHEISER, in her capacity as Clerk of Montgomery County, Illinois; )

MORGAN COUNTY, ILLINOIS, an Illinois political subdivision unit of government; CRYSTAL MYERS, in her capacity as Treasurer of Morgan County, Illinois; SHERIY SILLS, in her capacity )

as Clerk of Morgan County, Illinois;                )
                                                     )
MOULTRIE COUNTY, ILLINOIS, an                        )
Illinois political subdivision unit of               )
government; STEPHANIE L                              )
HELMUTH, in her capacity as                          )
Treasurer of Moultrie County, Illinois;              )
LINDA QUALLS-BINDER, in her                          )
capacity as Clerk of Moultrie County,                )
Illinois;                                            )
                                                     )
OGLE COUNTY, ILLINOIS, an Illinois                   )
political subdivision unit of government;            )
TIFFANY O'BRIEN, in her capacity as                  )
Treasurer of Ogle County, Illinois;                  )
LAURA J. COOK, in her capacity as                    )
Clerk of Ogle County, Illinois;                      )
                                                     )
PEORIA COUNTY, ILLINOIS, an                          )
Illinois political subdivision unit of               )
government; BRANDEN MARTIN, in                       )
his capacity as Treasurer of Peoria                  )
County, Illinois; RACHEL PARKER, in                  )
her capacity as Clerk of Peoria County,              )
Illinois;                                            )
                                                     )
PERRY COUNTY, ILLINOIS, an Illinois                  )
political subdivision unit of government,            )
JODI KOESTER, in her capacity as                     )
Treasurer of Perry County, Illinois;                 )
ROBERT KELI, in his capacity as Clerk                )
of Perry County, Illinois;                           )
                                                     )
PIATT COUNTY, ILLINOIS, an Illinois                  )
political subdivision unit of government;            )
DEBBIE MARSHALL, in her capacity                     )
as Treasurer of Piatt County, Illinois;              )
JENNIFER HARPER, in her capacity as                  )
Clerk of Piatt County, Illinois;                     )
                                                     )
PUTNAM COUNTY, ILLINOIS, an                          )
Illinois political subdivision unit of               )
government; KEVIN E KUNKEL, in his                   )
capacity as Treasurer of Putnam County,              )

9

Illinois; TINA DULDER, in her capacity as Clerk of Putnam County, Illinois; )
)
)

ROCK ISLAND COUNTY, ILLINOIS, an Illinois political subdivision unit of government; NICK CAMLIN, in his capacity as Treasurer of Rock Island County, Illinois; KELLY FISHER, in her capacity as Clerk of Rock Island County, Illinois; )
)
)
)
)
)
)
)
)

SANGAMON COUNTY, ILLINOIS, an Illinois political subdivision unit of government; JOE AIELLO, in his capacity as Treasurer of Sangamon County, Illinois; FRANK LESCO, in his capacity as Clerk of Sangamon County, Illinois; )
)
)
)
)
)
)
)

SHELBY COUNTY, ILLINOIS, an Illinois political subdivision unit of government; ERICA FIRNHABER, in her capacity as Treasurer of Shelby County, Illinois; JESSICA FOX, in her capacity as Clerk of Shelby County, Illinois; )
)
)
)
)
)
)
)

ST. CLAIR COUNTY, ILLINOIS, an Illinois political subdivision unit of government; ANDREW LOPINOT, in his capacity as Treasurer of St. Clair County, Illinois; THOMAS HOLBROOK, in his capacity as Clerk of St. Clair County, Illinois; )
)
)
)
)
)
)
)

STARK COUNTY, ILLINOIS, an Illinois political subdivision unit of government; PAULA LEEZER, in her capacity as Treasurer of Stark County, Illinois; HEATHER HOLLIS, in her capacity as Clerk of Stark County, Illinois; )
)
)
)
)
)
)

STEPHENSON COUNTY, ILLINOIS, an Illinois political subdivision unit of )
)

10

government; STEPHANIE HELMS, in his capacity as Treasurer of Stephenson County, Illinois; JAZMIN WINGET, in her capacity as Clerk of Stephenson County, Illinois;

TAZEWELL COUNTY, ILLINOIS, an Illinois political subdivision unit of government; HANNAH CLARK, in her capacity as Treasurer of Tazewell County, Illinois; JOHN C. ACKERMAN, in his capacity as Clerk of Tazewell County, Illinois;

VERMILION COUNTY, ILLINOIS, an Illinois political subdivision unit of government; DARREN DUNCAN, in his capacity as Treasurer of Vermilion County, Illinois; MATHEW LONG, in his capacity as Clerk of Vermilion County, Illinois;

WHITE COUNTY, ILLINOIS, an Illinois political subdivision unit of government; MIKE BAXLEY, in his capacity as Treasurer of White County, Illinois; KAYCI HEIL, in her capacity as Clerk of White County, Illinois;

WHITESIDE COUNTY, ILLINOIS, an Illinois political subdivision unit of government; PENNY VANKAMPEN in her capacity as Treasurer of Whiteside County, Illinois; KAREN STAROW, in her capacity as Clerk of Whiteside County, Illinois;

WILL COUNTY, ILLINOIS, an Illinois political subdivision unit of government; TIM BROPHY, in his capacity as Treasurer of Will County, Illinois; KAREN STUKEL, in her capacity as Clerk of Will County, Illinois;

11

WILLIAMSON COUNTY, ILLINOIS, an )
Illinois political subdivision unit of )
government; ASHLEY GOTT, in his )
capacity as Treasurer of Williamson )
County, Illinois; AMANDA BARNES, in )
her capacity as Clerk of Williamson )
County, Illinois; )
)
WINNEBAGO COUNTY, ILLINOIS; an )
Illinois political subdivision unit of )
government; THERESA GRENN, in her )
capacity as Treasurer of Winnebago )
County, Illinois; and LORI GUMMOW, )
in her capacity as Clerk of Winnebago )
County, Illinois. )
)
               Defendants. )

## PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

NOW COME the Plaintiffs, INTEGRITY INVESTMENT FUND, LLC, an Illinois limited liability company, INTEGRITY INVESTMENT REO HOLDINGS, LLC, an Illinois limited liability company, SIGTELLO, LLC, an Illinois series limited liability company, and ABBOTT PORTFOLIO, LLC, an Illinois limited liability company, by and through LAW FIRM OF DAVID G. SIGALE, P.C., their attorney, and for their Response to the State Defendants Kwame Raoul and David Harris's F.R. Civ. P. 12(b)(1),(6) Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #194), state as follows:

### INTRODUCTION

Plaintiffs' Second Amended Complaint properly pleads its causes of action that the State property forfeiture system contained in the Property Tax Code ("PTC") – enforced by the State Defendants - unconstitutionally deprives delinquent

property taxpayers of the surplus equity in their properties - and thus is violating tax-delinquent property owners' Fifth, Eighth, and Fourteenth Amendment rights. Defendants also tie their Motion to the concept of standing, but the harm Plaintiffs face is real and imminent, and thus the facts and law do not support Defendants' assertions. Therefore, Defendants' Motion to Dismiss should be denied.

As a primary matter, Plaintiffs are not seeking monetary damages against the State Defendants in this action. Plaintiff makes references to "reserving monetary relief against the State," *see*, *e.g.*, ¶49 of Plaintiffs' Second Amended Complaint (Dkt. #193), but that refers to other potential remedies, as available, which are not sought here, *e.g.* in the Illinois Court of Claims, which is specifically referenced in ¶72 of the Second Amended Complaint.

## STATEMENT OF FACTS

The Plaintiffs' Second Amended Complaint (Dkt #193) is incorporated as if fully restated herein.

## ARGUMENT

### Standard for Motion to Dismiss

### F.R. Civ. P. 12(b)(6) Standard

"[W]hen considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts -- as well as any inferences reasonably drawn therefrom -- in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.*,

13

127 S. Ct. at 1955 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1 [ ] (2002)).” *Manuel v. Lyles*, 2008 U.S. Dist. LEXIS 51433, 5-6 (N.D. Ill. June 30, 2008).

Generally, a dismissal pursuant to Rule 12(b)(6) is appropriate only if there is no set of facts consistent with the pleadings under which the plaintiffs could obtain relief. *See Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016). To survive such a motion the factual allegations of the complaint, accepted as true for the purpose motion, need only be “plausible” and rise above mere speculation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Preliminarily, Plaintiffs wish to clarify their actual claims against the State Defendants. Counts I – VI are federal claims, for which only declaratory and injunctive relief is sought against the State Defendants. Counts VII – XI are pendant state claims against the County Defendants. No relief is sought from the State Defendants in Counts VII – XI, and, as noted above, no monetary damages are sought from the State in this matter, under any theory of liability.

I. <u>PLAINTIFFS WILL DISMISS THEIR STATE CLAIMS AGAINST THE STATE DEFENDANTS.</u>

Therefore, to the extent the Court finds that Counts VII through XI are claims against the State, Plaintiffs will dismiss those claims against the State Defendants.

14

II.    <u>PLAINTIFFS' FEDERAL CONSTITUTIONAL CLAIMS AGAINST THE STATE DEFENDANTS ARE NOT BARRED BY THE ELEVENTH AMENDMENT</u>

Plaintiffs properly plead claims for declaratory and injunctive relief against the State Defendants pursuant to *Ex parte Young*, 209 U.S. 123 (1908). State Defendants claim they have no connection to the enforcement of the act and do not "threaten" enforcement. *See Ex parte Young*, 209 U.S. at 155-57. However, that is not correct, as the relevant connections and threats abound.

**<u>Defendant Raoul has connection to the enforcement of the Property Tax Code.</u>**

Defendant Raoul claims he has no connection to the Property Tax Code. However, the Attorney General of Illinois has the authority to sue or prosecute county officials for failing to conduct a tax sale under certain circumstances. Specifically, under 35 ILCS 200/25-35 if a county clerk or his or her designated deputy fails to attend a tax sale or to make and keep the required record, they are subject to a civil penalty of $500.00 and may also face indictment. Upon conviction, they are to be removed from office. The statute explicitly states that the sum shall be sued for in a civil action in the name of the People of the State of Illinois, which would involve the Attorney General initiating such action. 35 ILCS 200/25-35.

Likewise, a county collector may incur liabilities for failing to conduct tax sales as required, as 35 ILCS 200/25-30 specifies that if a county collector fails to attend a tax sale and offer property for sale as required by law, they are liable to pay the amount of taxes, special assessments, and costs due on the advertised property. It is Defendant Raoul who enforces the above provisions.

15

Additionally, 55 ILCS 5/3-14046 provides that prosecutions for violations of certain provisions may be instituted by the Attorney General, the State's Attorney for the relevant county, or special counsel acting through a commission. This statute grants Defendant Raoul the authority to prosecute violations related to county officials' duties, including those involving tax sales, if applicable . 55 ILCS 5/3-14046. *See e.g. People use of Pope County v. Shetler*, 318 Ill. App. 279, 47 N.E.2d 732 (4th Dist. 1943) (attorney general filed suit against *ex officio* county collector for failure to pay over to the county treasurer interest collected on delinquent taxes or, alternatively, failed to collect such interest, breaching the conditions of his official bonds for the years 1935–1938).

In short, Defendant Raoul has many relevant connections and enforcement responsibilities – not only as to the Property Tax Code generally, but to the tax sales themselves. By enforcing the Property Tax Code requirements as to the County tax sales, Raoul is part of the process that is injuring Plaintiffs. If the County Defendants *did not* auction tax certificates for the properties of delinquent owners at the next auctions, it would be Raoul who would investigate accordingly. He has the authority to ensure that the State tax sale system provides a mechanism, at the County level, for the return of surplus equity to the former property owner. This satisfies the standard for *Ex parte Young* as to Defendant Raoul. However, Plaintiffs will amend their Complaint should the Court wish additional detail in the pleadings, and seeks leave to do so in that circumstance.

16

However, Plaintiffs assert under Rule 8, *Bell Atlantic*, and *Iqbal*, they have sufficiently pleaded why Defendant Raoul is a proper Defendant.

**Defendant Harris has connection to the enforcement of the Property Tax Code.**

35 ILCS 200/8-10 states in relevant part:

Sec. 8-10. General powers. The Department may:

(1)  Require local assessment officers to meet with it from time to time to consider matters relative to taxation;

(2)  Formulate and recommend legislation for the improvement of the property tax system;

. . .

(4)  Request the institution of proceedings, actions and prosecutions to enforce the laws relating to the penalties, liabilities and punishment of public officers, persons, or officers or agents of corporations for failure or neglect to comply with this Code;

. . .

(6)  Take evidence and testimony under oath and to require the production of books, papers and documents pertinent to any assessment, investigation or inquiry, and for that purpose to subpoena and compel the attendance of witnesses;

(7)  Require from all State and local officers information necessary for the proper discharge of its duties;

. . .

*Ex parte Young* requires that a named State official must have "some connection" to the enforcement of the act and "threaten" enforcement *Id.*, 209 U.S. at 155-57. Per Section 200/8-10(4) of the Property Tax Code, the Department of Revenue (DOR) has the authority to request proceedings and prosecutions – against public and private persons - regarding the liability and punishment for the failure

17

to comply with the Code. Per subsection 8-10(6), the Department may take evidence and testimony under oath, require document production, and subpoena and compel the attendance of witnesses which is pertinent to its investigations and inquiries. It is hard to conceive of a more specific enforcement mandate than what is written in the PTC. If a County or one of its employees step out of line with regard to PTC requirements, Harris and the Department have enforcement power. Harris is a proper Defendant under *Ex parte Young*.

III.   <u>PLAINTIFFS HAVE STANDING TO BRING THEIR CLAIMS AGAINST THE STATE DEFENDANTS.</u>

To establish Article III standing, one must "prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

"[T]he party seeking judicial resolution of a dispute" must "'show that he personally has suffered some actual **or threatened injury** as a result of the putatively illegal conduct' of the other party." *Diamond v. Charles*, 476 U.S. 54, 62 (1986) (quoting *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979)) (boldface added). Plaintiffs have so alleged in this case.

Regardless of whether the taking occurs because Plaintiffs' tax certificates are practically worthless after *Tyler*, or because Plaintiffs are either subject to liability for civil rights violations should they obtain tax deeds unless they pay large

sums themselves to the property owners, Plaintiffs have standing to seek redress for their injuries.

The issue is whether Plaintiffs' inability to take their tax certificates and use them to obtain a tax deed without being liable for the surplus equity – either by up-front payment or after violating the property owners' civil rights under *Tyler* - puts them in a position of threatened injury. The multiple lawsuits alleging *Tyler* violations, including *Sharritt* where Counties are suing tax buyers, proves the injury – both actual and threatened – is real. Further, Plaintiffs have standing to seek a declaration of the very-ripe questions of whether the PTC and the Defendants' failure to provide for surplus equity compensation are unconstitutional. If they are not, then Plaintiffs will have the adjudication necessary to conduct their business. If the laws and the Defendants' actions *are* unconstitutional, Plaintiffs will likewise know to act accordingly. Either way, Plaintiffs have standing to seek a declaration as to how they can proceed.

Plaintiffs' exposure to financial loss and/or civil rights liability is not a speculative harm contingent on uncertain future events but the inevitable final step in the statutory sequence. This certainty creates a live, concrete controversy under Article III. "Pocketbook harm is a traditional Article III injury. [*Tyler*], 598 U.S. 631, 636 [ ] (2023). That is so not only when a law directly imposes costs on a plaintiff, *see*, *e.g.*, *McGowan v. Maryland*, 366 U.S. 420, 430-431 [ ] (1961) (profits lost from Sunday-closing law), but also when a plaintiff "reasonably incur[s] costs to mitigate or avoid" the "'substantial risk'" of a harm caused by a statute, *Clapper* [*v.*

19

*Amnesty Int'l USA*, 568 U. S. 398, 414, n.5 (2013)] (collecting cases)." *Bost v. Ill. State Bd. of Elections*, 2026 U.S. LEXIS 431, *17, 146 S. Ct. 513 (2026).

Plaintiffs also refer to and incorporate herein their discussions of standing in the County Responses. Therein, Plaintiffs show why the threatened and certain injuries meets Article III requirements.

Separate from that argument, however, the State Defendants allege that Plaintiffs cannot show their threatened injury is traceable to them, Dkt. #195 at 8, but that is not true. Plaintiffs' injuries are real, threatened, and – in one form or another - inevitable. County Defendants will be following the unconstitutional PTC requirements under fear of enforcement by the Defendants. Plaintiffs will still be suffering financial hardship and threatened civil liability. Like the County Defendants, the State Defendants *could* enforce the PTC in such a manner that the tax-delinquent property owner does not suffer the Fifth and Eighth Amendment violation of surplus-equity theft, but they do not.

### *The State Defendants' Enforcement Powers Establish Injury, Traceability and Redressability.*

Plaintiffs have described above the existence and nature of the State Defendants' enforcement powers with regard to the challenged Property Tax Code system. If a bonded officer violates a statutory or constitutional duty, the Attorney General may compel compliance, institute proceedings for breach of the bond, or initiate *quo warranto* or *mandamus* actions to restrain unlawful conduct. Likewise, the DOR Director is provided the power to investigate and punish non-compliance with the Property Tax Code, Accordingly, their enforcement of the Illinois Property

20

Tax Code confirms a direct chain of enforcement from the Attorney General and the Department of Revenue – through the County Defendants - to Plaintiffs, on whom certain of the County Defendants are doing their best to impose liability for their failures.

Defendant Raoul's enforcement power is displayed in other contexts, as well. Under both statute and common law, the Attorney General may compel or restrain county officers in the performance of their duties, institute mandamus or quo warranto proceedings to correct unlawful official acts, and challenge unconstitutional statutes on behalf of the public. *See Hoffman v. Madigan*, 2017 IL App (4th) 160392; *see also People ex rel. Scott v. Briceland*, 65 Ill. 2d 485, 488 (1976) (AG sought to enjoin the Illinois Environmental Protection Agency from instituting and prosecuting enforcement actions before the board); 1994 Ill. AG LEXIS 30, *5 (citing *People v. City of Chicago*, 413 Ill. 83, 86 (1952)) and advising *quo warranto* lies to prohibit a municipality from exercising powers granted by an unconstitutional statute); 735 ILCS 5/18-102 (*quo warranto* proceeding to be brought by Attorney General); *see also Noyola v. Board of Education*, 179 Ill. 2d 121, 133 (1997) (*mandamus* remedy to enforce performance of official duties); *People ex rel. Bier v. Scholz*, 77 Ill. 2d 12, 16 (1979) (citing cases where *mandamus* used to compel the undoing of an act); *People v. Pollution Control Board*, 83 Ill. App. 3d 802, 806 (1st Dist. 1980) ("We believe Attorney General's duty to defend the constitution necessarily encompasses a duty to challenge, on behalf of the public, a statute which the Attorney General regards as constitutionally infirm"). These tools enable

Defendant Raoul to address failures to perform mandatory statutory duties effectively and constitutionally. Those enforcement mechanisms additionally establish Defendant Raoul's enforcement nexus to the unconstitutional scheme alleged in the Plaintiffs' Second Amended Complaint.

Furthermore, the Attorney General's duties, as outlined in Illinois statutes, include representing the people of the state in legal matters, consulting with state officers on constitutional questions, and enforcing civil rights laws 15 ILCS 205/4, 15 ILCS 210/1. Defendant Raoul has the authority to investigate and address violations of civil rights laws, and to undertake enforcement measures when such violations are established. *See* 15 ILCS 210/1. The Attorney General's office has a Division for the Enforcement of Civil and Equal Rights, which is tasked with addressing civil rights violations and ensuring compliance with civil rights laws. *See* 15 ILCS 210/1. Defendant Raoul may seek equitable relief, such as injunctions, and impose civil penalties for civil rights violations, demonstrating a proactive role in enforcing constitutional protections. *See* 775 ILCS 5/10-104, 15 ILCS 205/10.

### *State Defendant Raoul Is Actually Defending The Challenged Statute*

Defendant Raoul's continued defense, supervision and enforcement of the Property Tax Code even post-*Tyler v. Hennepin County* and related case law directly enable the imminent constitutional deprivation Plaintiffs are alleging at ¶¶ 22–39 of the Second Amended Complaint. *See, e.g., Kidd v. Pappas*, No. 22-cv-7061, slip op. at 41–42 (N.D. Ill. July 7, 2025) (Kennelly, J.) (granting motion for class certification); *Sharritt v. Henry*, No. 1:23-cv-15838, Mem. Op. & Order at 14 (N.D.

Ill. Oct. 2024); 35 Ill. Comp. Stat. 200/21-305; *Top Metal Buyers Inc. v. Lopinot*, No.
3:24-cv-01073-NJR (S.D. Ill. Sept. 30, 2025); *Searle v. Allen*, No. 24-4819, 2025 LX
306537, at 22-23 (9th Cir. Sep. 2, 2020) (opinion filed August 28, 2025); *Walker v.
Chasteen*, 256 N.E.3d 999 (Ill. 2025), *cert. den.* at *Walker v. Chasteen*, ___U.S.___,
145 S. Ct. 2848 (2025).

*Tyler v. Hennepin County*, 598 U.S. 631 (2023), is a landmark Supreme
Court decision that has received extensive national and state media coverage, and
Defendant Raoul (as well as Defendant Harris) is fully aware of its holdings, having
defended the State against *Tyler*-based claims in numerous pending cases. Yet, to
the best of Plaintiffs' knowledge, Defendant Raoul has issued no opinion letter or
advisory guidance acknowledging that the Illinois Property Tax Code is
constitutionally infirm post-*Tyler*. The Illinois Attorney General has a long and
consistent history of issuing formal opinions, guidance memoranda, and public
advisories following landmark Supreme Court civil-rights decisions to ensure that
state and local officials conform their conduct to federal constitutional
requirements. *See, e.g., Corbett v. City of Chicago Bd. of Educ.*, No. 54 C 1218 (N.D.
Ill. 1954–1956) (arguing *Brown v. Board of Education* required immediate
desegregation of Illinois public schools); *Darby v. Orr, Lazaro v. Orr*, Nos. 12 CH
19718 & 19719 (Circuit Ct., Cook Cty.) (Attorney General declined to defend Illinois'
statutory ban on same-sex marriage); 1972 Ill. AG LEXIS 54, *9, 1972 Ill. AG
LEXIS 54 (notice must be given the unwed father and he must be afforded
opportunity to be heard"); Ill. Att'y Gen. Op. No. S-577 (April 27, 1973) (post-*Roe v.*

23

*Wade*, 410 U.S. 113); Guidance Letter dated June 1, 2022 On Reproductive Rights In Illinois Guidance For The Public And Law Enforcement Aimed At Increasing Awareness Of Reproductive Rights Under Illinois Law; March 5, 2025 Guidance Letter To Institutions of Higher Education and K-12 Schools in response to Executive Orders.

### An Injunction Against Defendant Raoul Would Redress the Ongoing Constitutional Injury

Redressability under *Ex parte Young* requires only that prospective relief against a state officer could alleviate the injury. Here, an injunction or declaratory judgment directed at Defendant Raoul would have immediate and concrete effect: it would (1) prevent the Attorney General from compelling continued enforcement of unconstitutional sales and penalty procedures in a manner that that is inconsistent with *Tyler* in that an taking is compensated and not an excessive penalty (2) bar the Attorney General from prosecuting or disciplining county officers who decline to carry out such procedures; and (3) require the Attorney General to issue guidance or clarification to subordinate officials consistent with federal constitutional requirements recognized in *Tyler*.

These forms of relief would directly prevent the recurrence of the unconstitutional takings and due-process violations alleged by Plaintiffs, and compel resolution as to the pending tax certificates which have not yet ripened into unconstitutional surplus-thieving tax deeds. The Attorney General's office is uniquely situated to provide statewide redress and ensure uniform compliance with constitutional standards. Likewise, Director Harris's office has enforcement powers

24

to endure compliance with the Property Tax Code, so an injunction against Director Harris from using the Property Tax Code for surplus-equity theft would require him to enforce the Property Tax Code such that the counties are *following* the Constitution instead of violating it. The counties' insistence that they are "just following state law" makes the State Defendants, the enforcers of that law, necessary parties for effective prospective relief.

### *Pre-Enforcement Standing Exists When Harm Is "Actual or Imminent"*

Plaintiffs contend standing is sufficiently pled based upon the financial hardship and threatened civil liability already imposed against them, but in the alternative, Plaintiffs have also sufficiently pled pre-enforcement standing. Pre-enforcement challenges satisfy standing requirements when there is a substantial risk of harm or an imminent injury, even if the injury is not yet realized. The existence of a statute or penalty provision itself implies a threat of enforcement, which can establish the necessary injury for standing. *See Lozano v. City of Zion*, 2021 U.S. Dist. LEXIS 182056; *see also Conlon v. Sebelius*, 923 F. Supp. 2d 1126, 1130 (N.D. Ill. 2013) ("Challenges to standing may be made prior to the enforcement of a law. The 'existence of a statute implies a threat to prosecute, so pre-enforcement challenges are proper, because a probability of future injury counts as 'injury' for the purpose of standing.'"); *see also International Aerobatics Club Chptr. 1 v. City of Morris*, No. 13 C 04272, 2015 U.S. Dist. LEXIS 199104, at *13 (N.D. Ill. June 23, 2015) ("The subject of the dispute is not hypothetical; the City of Morris has an ordinance on the books that it maintains is valid and enforceable").

25

Thus, Plaintiffs' exposure to severe financial hardship and/or civil rights liability is not a speculative harm contingent on uncertain future events but the inevitable next step in the statutory sequence. The certainty of enforcement and the ongoing accrual of penalties together create a live, concrete controversy under Article III. As the Supreme Court explained in *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 298 (1979), and reaffirmed in *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158–61 (2014), a plaintiff need not "await the consummation of threatened injury" before seeking judicial review when the challenged law subjects him to a credible and coercive threat of enforcement. Plaintiffs' circumstances therefore satisfy the constitutional requirement of imminence: the statutory structure guarantees that judicial enforcement will follow as a matter of law unless enjoined, making their injury ripe for adjudication now.

As tax buyers from the County Defendants under the State's PTC, Plaintiffs are subject to the unconstitutional Illinois statute at issue – enforced by the State Defendants - and the County tax sale procedures that will ultimately result in the theft of property owners' surplus equity in their properties. Per the pleadings, it is only a matter of "when" this happens to at least some of the owners of the property to which Plaintiffs currently hold tax certificates. Defendants attempt to blame everything on the County Defendants, and while they certainly play their own parts in the surplus equity-theft, the State-level Defendants bear responsibility for their part in an unconstitutional system.

26

## CONCLUSION

The Illinois Property Tax Code's entire enforcement structure rests on the threat of total loss. It does not merely secure payment of a lawful debt; it coerces compliance through the escalating and ultimately devastating penalty of forfeiting one's entire property and all accrued equity for failing to pay comparatively minor tax amounts. The intent is to deter non-payment of debt. It functions not as a remedial process but as a punitive regime, imposing an unconstitutional sanction that is grossly disproportionate to any underlying delinquency. Its power derives from the "stick" of complete confiscation - a threat so severe that it punishes rather than regulates. As tax buyers holding certificates purchased pursuant to the provisions of the PTC, Plaintiffs make severe financial hardship, either from paying the stolen equity themselves to the property owners, or from civil rights liability for the equity theft, or both. The Constitution does not require Plaintiffs to wait until that punishment is fully inflicted upon the property owners — before challenging it. For Plaintiffs, that time is coming soon.

The Second Amended Complaint plausibly alleges that the State Defendants' statutory powers – and in Defendant Raoul's case constitutional, and common-law enforcement powers as well - give them the requisite "connection with enforcement" under *Ex parte Young* rendering Plaintiffs' injuries traceable to them, and the equitable relief sought will redress that injury.

The State Defendants specifically seek to wash their hands of the Fifth and Eighth Amendment injuries inflicted on many in the property owners' situation,

27

soon to include the Plaintiffs themselves. The State Defendants blame the Counties, who certainly should take measures to protect the property owners' surplus equity. But they are also following a system mandated by the Property Tax Code, which is enforced by these State Defendants. They too have known since *Tyler* was issued in May, 2023 – and probably before that, since *Tyler* merely confirmed the illegality of the equity theft under the PTC - that the system inflicts unconstitutional injury. The cause of Plaintiffs' imminent injury does not stop at the County Defendants; it flows all the way to Springfield. These Defendants should also be made to answer for State laws they enforce which – in reverse-Robin Hood fashion – steal from the poor and give to the rich; In light of the above, the State Defendants' Motion to Dismiss should be denied.

WHEREFORE, the Plaintiffs, INTEGRITY INVESTMENT FUND, LLC, an Illinois limited liability company, INTEGRITY INVESTMENT REO HOLDINGS, LLC, an Illinois limited liability company, SIGTELLO, LLC, an Illinois series limited liability company, and ABBOTT PORTFOLIO, LLC, an Illinois limited liability company, request this Honorable Court deny the State Defendants Kwame Raoul and David Harris's Motion to Dismiss in its entirety, and for any and all further relief as this court deems appropriate, including but not limited to granting leave to amend their Complaint to add or correct any relevant allegations as this Court requires.

Date:  March 23, 2026                                    /s/ David G. Sigale
                                                        Attorney for Plaintiff


David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547
dsigale@sigalelaw.com

29

## CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

1.      On March 23, 2026, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

2.      Pursuant to F.R. Civ. P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


                                    /s/ David G. Sigale
                                    Attorney for Plaintiff


David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com